UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF GREG SEAMAN | § | |
| AS OWNER OF THE F/V MRS. | § | |
| VIOLA, ITS ENGINES, TACKLE, | § | |
| ETC., IN A CAUSE OF EXONERATION | § | CIVIL ACTION NO. V-05-123 |
| FROM OR LIMITATION OF | § | |
| LIABILITY | § | |

**ORDER**

Pending before the court is Claimant's Opposed Motion to Lift Limitation Stay (dkt. #52). After considering the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED.

**Factual and Procedural History**

On July 30, 2005, Claimant's husband, Ulises Saldierna, was killed during the course of his employment working on Petitioner's vessel, the F/V MRS. VIOLA. Specifically, the winch shaft on the F/V MRS. VIOLA broke, which prevented the vessel from retrieving its fishing gear. The F/V SABRINA MARIE, owned by Third Party Defendant Sabrina Marie, Inc., attempted to help the F/V MRS. VIOLA retrieve the fishing gear. During this attempt, the towline between the F/V MRS. VIOLA and the F/V SABRINA MARIE parted, causing the trawl doors to drop into the sea. Mr. Saldierna was standing on the trawl doors when he fell into the sea and drowned. Claimant maintains her husband's death was caused by the unseaworthiness of the F/V MRS. VIOLA and the F/V SABRINA MARIE and the negligence of the owners and operators of the vessels.

Petitioner, Greg Seaman, the owner of the F/V MRS. VIOLA filed this exoneration of or limitation of liability action on December 19, 2005 seeking to limit his liability to the value of the vessel under the Limitation of Liability Act, 46 U.S.C. app. §§ 183. Petitioner impleaded Third

Party Defendant, Sabrina Marie, Inc., on March 20, 2006 claiming Sabrina Marie was wholly or partially responsible for the accident. Sabrina Marie presently has a no evidence motion for summary judgment (dkt. #33) and a Federal Rule of Civil Procedure 12(b)(6) motion (dkt. #35) pending against Petitioner seeking a dismissal of the third party claims against it for negligence, unseaworthiness, contribution, indemnity and attorney's fees. Sabrina Marie also seeks attorney's fees and costs from Petitioner. *See* Sabrina Marie's Amended Answer (dkt. #26). One motion for continuance has been granted setting trial for September 2007.

Claimant now seeks to have the limitations stay lifted in this matter so she may proceed to try her claim in Matagorda County state court. Claimant has filed a stipulation recognizing this court's exclusive jurisdiction over Petitioner's limitation of liability claim. Sabrina Marie has joined in the amended stipulation submitted with Claimant's Reply. *See* dkt. #55, Ex. A.

**Discussion**

Claims may proceed outside of the limitation action, pursuant to the "saving to suitors" clause[1] in two situations: (1) if the claims total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court. *Odeco Oil & Gas Co. Drilling Div. v. Bonnette (Odeco I)*, 4 F.3d 401, 404 (5th Cir. 1993). The court must accede to the claimant's forum choice if a stipulation

---

[1] The "savings to suitors" clause provides in relevant part:
    The district courts shall have original jurisdiction, exclusive of the courts
    of the states, of:
    (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in
    all cases all other remedies to which they are otherwise entitled.
28 U.S.C. § 1333.

is provided fully protecting the shipowner's right to limit liability and agreeing to abide by the admiralty court's determination of the right to limit. *Id.* at 405. However, a shipowner's rights are not adequately protected unless *all* claimants are party to the stipulation. *See Odeco Oil & Gas Co., Drilling Div. v. Bonnette (Odeco II)*, 74 F.3d 671, 675 (5th Cir. 1996) (holding in order to proceed to state court, all claimants must sign stipulation protecting shipowner's rights under Limitation of Liability Act) (emphasis in original). Parties seeking indemnification and contribution, attorney's fees or costs from a shipowner are considered "claimants" within the meaning of the Limitation Act. *Id.*; *see also In re Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 314 (5th Cir. 1995) (recognizing that "a 'claimant' includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees").

Petitioner argues Claimant's stipulation is inadequate because it does not address Sabrina Maries's claim for attorney's fees and costs. Petitioner's argument has been mooted by the amended stipulation filed by Claimant which joins Sabrina Marie. Claimant and Sabrina Marie have adequately stipulated that this court has exclusive jurisdiction over the limitations liability action and they will not seek judgment in excess of the limitation fund determined by this court.

Petitioner also contends that Claimant has untimely filed her motion to lift the stay and allowing the action to proceed in state court would waste judicial resources and cause further delay. First, there is no time requirement for filing the motion to lift the stay. Further, Petitioner's wasted resources argument is unpersuasive. The United States Supreme Court explained in *Lake Tankers* that liability should be limited consistent with preserving the claimant's right to proceed in the fora of their choice. *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152-53 (1957). "So where, as here, all of the claimants . . . are willing to stipulate essentially that they will submit to two trials-the state

court trial followed by a substantially redundant federal limitation proceeding-this court is hard put to deny them." *Odeco I*, 4 F.3d at 405. Therefore, this court must accede to Claimant's choice of forum because she has submitted a stipulation fully protecting Petitioner's right to limit liability and agreeing to abide by an admiralty court determination of the right to limit.

## Conclusion

Accordingly, the court finds Petitioner's limitations rights are fully protected, and Claimant's motion to lift the limitations stay (dkt. #52) is GRANTED.

It is so ORDERED.

SIGNED this 27th day of August, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE